PROVO STY, J.
Plaintiff alleges that he rented from defendant “the garage, show window, and appurtenances No. 811 St. Charles street, this city,” for a term of 12 months beginning October 1, 1915; that this garage consisted of a ground floor and two rooms in an upper floor accessible by steps *131 leading up from the washroom of the garage; that on November 20th, defendant illegally and wantonly took possession of said two rooms and removed the said steps leading to them; that he intended to use said rooms as a clubroom for white chauffeurs, in order to provide quarters for them separate from the colored chauffeurs; that by being thus deprived of the use of said rooms he has been injured in his business to the amount of $5,-000, which defendant should be condemned to pay him, as well as $5,000 additional for the illegality and wantonness of said act.
Defendant denies-that the said two rooms were included in the lease.
The lease itself is silent as to the rooms, mentioning only the garage.
The plaintiff and Mr. Moulin, his associate in the business, testified that at the time the entering into the lease was under discussion Mr. Hayford, the secretary of the defendant company, through whom the lease was made, went over the premises with them, and pointed out the rooms.
Mr. Hayford denies this; and he is so corroborated by the circumstances of the case that the jury believed him, and we are forced to the same conclusion.
In the first place, the evidence shows that none of the several previous lessees had considered these rooms as included in their leases, or had used them as pertaining to the garage. The plaintiff took over in August, 1915, the lease of the previous lessee; his own lease beginning in October, 1915. For 10 or 11 months, up to the middle of the summer of 1915, the rooms were occupied by a tenant under lease from Hayford. When this tenant moved out, Hayford adopted one of the rooms as his office, and moved into it a desk, a large center table, and a drawing board, drawing instruments, book cases, about 700 law books, and seven cases or sections of books of general literature; and he was still occupying same as an office at the time he caused the steps to be removed on or about the 9th of November, 1915.
Wishing to have the rooms repainted for leasing them to a tenant, Hayford a few days before the taking down’ of the steps requested plaintiff to remove a few automobile accessories which plaintiff had in one of them, and plaintiff removed same. How long these things had been there, and whether they were there by permission of Hayford, as testified to by him, or by right of the lease, as contended by plaintiff, is a disputed point.
The rooms were formerly servants’ rooms over the stable in the rear part of the back yard. A roof was built over the yard for converting it into a garage; and the rooms were accessible over this roof as well as by the steps in question. Hayford lived in the adjoining house, and could reach them by this over the roof route. The tenant who occupied them up to the middle of the summer of 1915 would reach them by both routes, over the roof and by the stairway in question. The key of the door accessible by the stairway was kept in the garage office, and plaintiff would argue strongly from this fact. But the garage was open night and day, accessible at all times to Hayford; and he testifies that the said key was left there merely for convenience, and also because plaintiff and his associates and their white chauffeurs needed it for access to the toilet upstairs, the use of which he had as a matter of accommodation told them they could have.
The jury heard and saw the witnesses and viewed the premises, and decided against plaintiff.
Judgment affirmed.