**DUGUE v. SKIPPER.**

No. 17336.

Court of Appeal of Louisiana. Orleans.
April 8, 1940.
Rehearing Denied May 6, 1940.

Yarrut & Stich, of New Orleans, for appellant.

O'Keefe & Davison, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit for $292.50, the aggregate amount of nine rent notes at $32.50 each, plus interest and attorneys' fees of ten percent. The defendant admits the signature to the notes sued on in connection with the lease of certain premises known as 1416 Jena Street, belonging to plaintiff and, in effect, pleads failure of consideration, in that the plaintiff breached the contract of lease by taking possession of a part of the leased premises. In a reconventional demand judgment is prayed for in the sum of $16.25, upon the ground that defendant was dispossessed on the 15th day of December, 1938, after having paid $32.50, the rent for the whole month of December, and consequently, she is entitled to a refund for the last half of the month.

There was judgment below in favor of plaintiff in the sum of $292.50, plus interest and attorneys' fees, subject to a credit of $75. The reconventional demand was dismissed. Defendant has appealed to this Court.

The facts are as follows:

The defendant had been the tenant of the plaintiff for about seven years under a lease of the apartment then described as "Apartment B". She gave up the premises and moved elsewhere, but in June, 1938, defendant, desiring to again lease the premises, entered into a new agreement to begin October, 1938, in which lease the premises were described as "Apt. 1416 Jena St., in the building known at 1414 Jena St., between Pitt and Prytania Sts., New Orleans, La." and not Apartment "B". In the early days of December, 1938, Mrs. Skipper, with Mrs. Dugue's consent, sublet the premises to a Mrs. Odom. Mrs. Skipper moved out and Mrs. Odom moved in on December 15th, 1938, but immediately moved out when Mrs. Dugue, the landlady, denied her the right to occupy a certain vestibule or hallway leading to the apartment which she had sublet. There were two apartments in the building, "A" and "B", when defendant originally occupied the premises for the first seven years, and the hallway or vestibule was common to both apartments, but when defendant leased the property in October, 1938, as "1416 Jena Street", Apartment "A" was occupied by the plaintiff and the only access to it was through a separate entrance known as 1414 Jena Street. In other words, under the original lease Apartments "A" and "B" were entered through 1416 Jena Street, but under the new lease the two apartments were designated and used as 1414 Jena Street and 1416 Jena Street, each having its own separate street entrance.

The judge, a quo, was of the opinion that the hallway formed no part of the leased premises and that Mrs. Skipper was simply given the right after the lease had been entered into, to use the vestibule, which permission could be revoked at any time.

We can get no light on the subject from the lease itself which, as we have said, simply described the leased premises as 1416 Jena Street. Under the circumstances, the interpretation by the parties to the lease agreement is an important factor. Mrs. Skipper certainly and concededly had the joint use of the hallway at the time when the leased premises was known as Apartment "B" and the exclusive use of it when it was known as 1416 Jena Street. But when Mrs. Odom attempted to take possession she was denied all use of it and the exclusive occupancy claimed by Mrs. Dugue.

We are referred to the cases of Hirsh v. Valloft, 121 La. 66, 46 So. 103, and Moore v. St. Charles Realty Company, 142 La. 130, 76 So. 585, and to 36 Corpus Juris, 27, paragraph 627, which reads as follows: " * * * whether a particular place is a part of the demised premises does not depend exclusively upon the question of boundary; it depends also upon the question of intention, which may be determined by bringing in aid of the words of the lease such extrinsic facts explanatory of the subject and of the rights of the parties as may show the meaning of the instrument and intention of the parties. In case of doubt, weight will be given the construction placed upon the lease by the parties, where the lessor points out the boundaries of the demised premises, the lessee may rely thereon * * *."

Article 1956 of the Revised Civil Code reads: "When the intent of the parties is doubtful, the construction put upon it, by the manner in which it has been executed by both, or by one with the express or implied assent of the other, furnishes a rule for its interpretation."

In our opinion the action of Mrs. Dugue in declining to allow Mrs. Odom, to whom the premises had been sublet by Mrs. Skipper, with her consent, to occupy the hallway and in insisting upon partitioning it off, and

making it a part of her apartment, constituted a breach of the lease to Mrs. Skipper. We cannot agree with our brother below in the view he expressed, during the trial of the case, to the effect that Mrs. Skipper's use of the hallway was gratuitous and subject to revocation at any time.

Under the circumstances the judgment appealed from must be reversed and Mrs. Skipper should have judgment in reconvention for $16.25, the amount of the rent for the latter half of the month of December, 1938, when she did not occupy the premises, though she had paid $32.50 for the full month.·

For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that plaintiff's suit be dismissed at her cost. It is further ordered that there be judgment herein in favor of Mrs. Nettie Skipper, plaintiff in reconvention, and against Mrs. Alice Dugue, defendant in reconvention, in the sum of $16.25 and for all costs.

Reversed.